UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| PATRICIA MERKOVICH, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br> vs.<br><br>MERCHANTS & MEDICAL CREDIT CORPORATION, INC.,<br><br>   Defendant. | Case No.: 17-cv-1176<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Patricia Merkovich is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Merchants & Medical Credit Corporation ("Merchants") is a foreign corporation with its primary offices located at 6324 Taylor Drive, Flint, Michigan 48507.

6. Merchants is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7.  Merchants is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. GC is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8.  On or about July 10, 2017, Merchants mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to: "Capital One, N.A." A copy of this letter is attached to this complaint as Exhibit A.

9.  The alleged debt referred to in Exhibit A is a "Kohl's" branded credit card account, allegedly owed to Capital One. Capital One issues Kohl's credit cards for use at Kohl's retail stores.

10. The debt was incurred for personal, family, or household purposes..

11. Exhibit A was the first letter that Merchants sent to Plaintiff regarding the alleged debt referenced in Exhibit A.

12. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13. Upon information and belief, Exhibit A is a form, initial communication, debt collection letters used by Merchants to attempt to collect alleged debts.

14. Exhibit A contains the following text:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If the consumer notifies the debt collector or collection agency in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector or collection agency will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector or collection agency. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

15. 15 U.S.C. § 1692g(a) requires a debt collector to send a notice with the first written communication with the consumer (the "validation notice"). The validation notice must contain the following:

2

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

16. The Seventh Circuit has held that the debt collector must provide the validation notice and "state it clearly enough that the recipient is likely to understand it." *Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 948 (7th Cir. 2004); *citing Bartlett v. Heibl*, 128 F.3d 497, 500-01 (7th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996).

17. The debt validation notice provided by Exhibit A is misleading and confusing to the unsophisticated consumer.

18. Part of the validation notice in Exhibit A refers to notifying "this office," while the part corresponding to 15 U.S.C. § 1692g(a)(4) uses the terms "the debt collector or collections agency."

3

19. Merchant's use of this disjunctive – "the debt collector or collections agency" – in one sentence while using the term "this office" in the others, implies there may be multiple parties from whom validation may be requested.

20. For purposes of Plaintiff's claim under 15 U.S.C. §§ 1692e and 1692e(10), Defendant's language is a material violation of the FDCPA. A consumer who is confused by the validation notice will not understand how to effectively invoke his or her rights under 15 U.S.C. § 1692g(b):

> (b) **Disputed debts**
> If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector *in writing* that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(emphasis added).

21. The unsophisticated consumer would be confused by Exhibit A. It is not uncommon for multiple debt collectors, over time, to contact a consumer about the same alleged debt.

22. Moreover, the relatively unusual relationship between Kohl's and Capital One, i.e. that Capital One is the card issuer but Kohl's services the accounts, renders Exhibit A more confusing.

23. Plaintiff was confused by Exhibit A. She did not know whether "the debt collector or collections agency" referred to Merchants, some other collection agency, Capital One or Kohl's.

24. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

25. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

26. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-

1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

27. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

28. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt.

## COUNT I – FDCPA

30. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

31. The language in Merchants' letters is false, misleading, and confusing to the unsophisticated consumer, in that the language contained in the validation notice refers to the debt collector in terms that would lead the unsophisticated consumer to be uncertain as to what party to contact to dispute or seek validation of the debt.

32. Defendant has failed to provide a clear FDCPA validation notice s required by 15 U.S.C. § 1692g(a).

33. The Defendant has therefore violated 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a), 1692g(a)(4), and 1692g(a)(5).

## CLASS ALLEGATIONS

34. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action (c) seeking to collect a debt for personal, family, or household purposes, (d) between August 29, 2016 and August 29, 2017, inclusive, (e) that was not returned by the postal service.

35. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

36. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692g(a) and 1692e.

37. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

39. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

40. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: August 29, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com